No. 43,486

J. T. Mayall Hotel Company, Inc., a Kansas Corporation, *Appellant*, v. The Atchison Hotel Company, Inc., a Kansas Corporation, *Appellee*.

(389 P. 2d 843)

Opinion filed March 7, 1964.

Richard P. Senecal, of Atchison, argued the cause, and George A. Scott and Turner Murrell, both of Topeka, and Robert F. Duncan, of Atchison, were with him on the brief for the appellant.

J. A. Dickinson, of Topeka, argued the cause, and Sam A. Crow, Ralph E. Skoog and Bill G. Honeyman, all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal arises out of a dispute between the parties to a written lease of a hotel property in Atchison.

In June, 1947, defendant-appellee, as lessor—and hereafter referred to as defendant—leased the hotel in question to plaintiff-appellant, as lessee—and hereafter referred to as plaintiff.

The written lease, which was quite lengthy, contained a number of provisions as to the rights and liabilities of the parties with respect to the upkeep and maintenance of the property, and also contained a provision concerning the rights and liabilities of the parties in the event the property should be damaged by fire or by providential means so as to become wholly or partially untenantable.

In July, 1958, a "flash flood" occurred in Atchison and as a result the basement and first floor lobby of the hotel were flooded, the lobby to a depth of approximately two feet. The water receded from the lobby in about two hours and the basement was later pumped and drained dry. As a result of all this certain items of personal property were damaged.

Plaintiff, as lessee, brought this action against defendant-lessor to recover expenditures made by plaintiff in the "clean-up" operations. Defendant filed a cross-petition for expenses incurred by it in repairing a corner of the hotel building. Upon issues thus joined the action was, by consent of both parties, referred to Eldon Sloan, a member of the Topeka bar, as referee. Considerable evidence was introduced and at the conclusion thereof the referee made extensive findings of fact and conclusions of law touching all phases of the case. The referee found and concluded that plaintiff had violated the terms of the lease in a number of specified particulars, and that it was not entitled to recover under its petition. The referee further found and concluded that under its cross-petition defendant was entitled to recover the sum of $3,000 for expenditures and repairs on the property made by it, and which, under the terms of the written lease, was the obligation of plaintiff.

The trial court approved and adopted the findings and conclusions of the referee and rendered judgment accordingly.

Plaintiff's motion for a new trial was overruled and it has appealed.

Three questions are raised—each of which has to do with the construction of certain provisions of the lease relating to the rights and liabilities of the parties as to the repair and maintenance of the building and as to matters concerning items of personal property used in the hotel.

As heretofore stated, this case arises out of a dispute between the landlord and tenant in a hotel lease. This court has considered the provisions of the lease and has read and considered the evidence and all of the findings and conclusions of the referee, which, as stated, were approved and adopted by the trial court. No new or novel questions are presented, and no useful purpose would be served by detailing the provisions of the lease, the evidence, or the findings and conclusions. The evidence fully supports the findings and they, in turn, support the conclusions and the judgment ultimately rendered. As applied to the facts, the provisions of the lease as to the rights and liabilities of the parties were properly construed. Plaintiff has in no way made it appear that the judgment is erroneous and, such being the case, it is affirmed.

Fontron, J., not participating.